UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. BASSETT #867835, JR., | Case No. 2:24-cv-00095 |
| Plaintiff, | Hon. Jane M. Beckering<br>U.S. District Judge |
| v. | |
| JARRETT GROVER, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Report and Recommendation (R. & R.) addresses Defendant's motion for partial summary judgment due to Plaintiff's failure to exhaust administrative remedies. (ECF No. 15.)

Plaintiff – State prisoner Willie Bassett, Jr. – filed a complaint under 42 U.S.C. § 1983 alleging that Defendant Corrections Officer (CO) Grover retaliated against him after Bassett filed two grievances – KCF-23-09-0595-17f and KCF 23-10-0677-17z – for allegedly playing loud music and yelling while Bassett was using the telephone.

Bassett alleges that CO Grover retaliated against him by calling him a snitch in the presence of other prisoners on two occasions: November 26, 2023, and December 29, 2023. CO Grover concedes that Bassett exhausted his December 29, 2023, retaliation claim in grievance KCF-24-01-0846-17b, but argues that Bassett never exhausted his November 26, 2023 claim.

Bassett says that he did file a grievance with respect to the November 26, 2023 claim against CO Grover. Bassett presents grievance KCF-23-12-755-17b, which he attached to his response brief. (ECF No. 17, PageID.104-112.) CO Grover, however, argues that Bassett never exhausted this grievance by submitting a Step III appeal. Bassett says that he did submit a Step III appeal but he never received a response. (*Id.*, PageID.112 (Step III appeal form).) CO Grover argues that the MDOC Step III report does not show that Bassett exhausted KCF-23-12-755-17b and that Bassett has shown only that he may have filled out a Step III form, but he fails to present evidence establishing that he submitted the form at Step III by mailing it out of the Kinross Correctional Facility to the MDOC office in Lansing, Michigan. CO Grover asserts that there is no record that this ever occurred, and as such he is entitled to summary judgment on Bassett's November 26, 2023 retaliation claim.

For the following reasons, it is respectfully recommended that this Court grant Defendant's motion for partial summary judgment and dismiss Plaintiff's November 26, 2023 retaliation claim without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

---

[1] The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). However, when the exhaustion issue is intertwined with the merits of a claim, the Seventh Amendment requires a jury trial on the exhaustion issue. *Richards v. Perttu*, __ U.S. __, 2025 WL 1698783 (June 18, 2025).

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737). And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective September 25, 2023) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ W. If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted informal resolution. *Id*. at ¶¶ W, CC. The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent. *Id*. at ¶ CC. The Policy Directive also provides the following directions for completing

5

grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ Y (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. MDOC Policy Directive 03.02.130 at ¶¶ JJ. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ LL.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ NN. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ OO.

When the grievance procedures are not available because the issue presented is non-grievable, exhausting those procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative

6

remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well-known proverb states, they cannot have their cake and eat it too."). However, when other administrative remedies are available, the prisoner is required to exhaust those remedies prior to filing a federal lawsuit.

**IV. Analysis**

The sole issue presented in this motion is whether Bassett exhausted his November 26, 2023 retaliation claim against CO Grover by submitting a Step III appeal to the MDOC Lansing Office. Bassett says that he did. CO Grover argues that he did not, and further states that there exists no evidence in the record that Bassett ever sent the Step III grievance appeal out of the prison.

Bassett attached to his response brief a Prisoner/Parolee Grievance Appeal Form with a grievance identifier of KCF- 23-12-755-17b and an incident date of November 26, 2023. (ECF No. 17-1, PageID.112.) If Bassett submitted a Step III appeal by timely sending it to the MDOC Lansing office, his November 26, 2023 retaliation claim would be considered exhausted.

CO Grover presented a copy of Bassett's MDOC Prisoner Step III Grievance Report, which shows that KCF-23-12-755-17b was not exhausted through Step III of the MDOC grievance process:

7



(ECF No. 16-4, PageID.83.)

Departmental Analyst Nelson attests that this is a true and accurate report of the Step III grievances that were filed by Bassett. (*Id.*, PageID.81-82.)

Bassett has presented no evidence showing that he sent the KCF-23-12-755-17b Step III appeal form to the MDOC Lansing Office and no other record evidence shows that he did. The fact that Bassett presented the Step III form is proof only that he filled out the form, it is not proof that he submitted the form to the MDOC Lansing Office. *Alexander v. Calzetta*, No. 16-cv-13293, 2019 WL 1011106, at *5 (E.D. Mich. Mar. 4, 2019) (finding that a prisoner cannot rebut Defendants' summary judgment motion showing that he failed to exhaust his grievance remedies by submitting a copy of a grievance containing no indication that it was properly submitted).

8

In the opinion of the undersigned, Defendant has established that Plaintiff failed to exhaust his grievance remedies by properly submitting a Step III grievance concerning the alleged November 26, 2025 retaliation claim. No genuine issue of material fact exists with respect to that claim and Defendant is entitled to summary judgment.

## V. Recommendation

The undersigned respectfully recommends that this Court grant Defendant's motion for partial summary judgment and dismiss Plaintiff's November 26, 2023 retaliation claim without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

If the Court accepts this recommendation Plaintiff's December 29, 2023 retaliation claim against Defendant remains in this case.

Dated:  July 28, 2025                              /s/ *Maarten Vermaat*
                                                   MAARTEN VERMAAT
                                                   U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).